[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10086
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20384-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE FREEMAN MOORER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 15, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Joe Freeman Moorer, Jr. appeals his convictions and the sentence imposed

after a jury found him guilty of possession with intent to distribute cocaine, in

violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted

felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Moorer raises two issues on appeal: First, Moorer contends that there was insufficient evidence to convict him for possession with intent to distribute cocaine.  Second, Moorer argues that his offense was that of simple drug possession and as a result, the district court erred in treating his conviction as a "controlled substance offense" for purposes of calculating the advisory guideline range.  After a thorough review of the record, we affirm.

Moorer was charged with possession with intent to distribute cocaine and possession of a firearm by a convicted felon.  At trial, DEA agent David Lee Hibbs testified that he conducted surveillance of Moorer based on allegations of drug trafficking.  During a subsequent search of Moorer's car and home, agents found 14 grams of cocaine in the car and a digital scale and cash in the house.  The scale was covered with a light dusting of cocaine.  Hibbs then explained that based on his training and experience, a typical dose of cocaine is about half a gram and the typical user would buy one or two grams at a time.  Cocaine dealers usually sold the drug in small ziplock bags and used scales to divide the drug into individual doses.  Hibbs also confirmed that the cash found in the house was consistent with drug trafficking because it is a cash business.

When questioned, Moorer initially denied any knowledge of the drugs but admitted the gun was his. During a later interview with ATF agent Theresa Meza, Moorer admitted the cocaine was his as well.

Moorer stipulated that he had prior convictions for cocaine trafficking and intent to distribute cocaine within 1,000 feet of a school. The court issued a limiting instruction to the jury that these prior convictions were relevant only to the issue of intent. The jury convicted Moorer of drug and firearm possession.

The presentence investigation report (PSI) grouped the two offenses together and based the offense level on the amount of drugs involved, which the probation officer identified as 43.2 grams of cocaine and 54.9 grams of cocaine base. The probation officer determined this amount based on the 14 grams seized and additional amounts that were part of earlier controlled buys using confidential informants. The probation officer further determined that Moorer should be sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) and as a career offender under U.S.S.G. § 4B1.1. The resulting guideline range was 262 to 327 months' imprisonment.

At sentencing, Moorer requested a downward variance, arguing that a sentence of 200 to 210 months would be sufficient. The district court disagreed and sentenced Moorer to 262 months' imprisonment. The court expressed concern

over Moorer's criminal history and stated that a sentence within the guideline range was necessary under the sentencing factors in 18 U.S.C. § 3553(a). Moorer now appeals his convictions and sentence.

I. Sufficiency of the Evidence[1]

We review *de novo* whether the evidence was sufficient to sustain a conviction, viewing the evidence in the light most favorable to the government. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). We must affirm a defendant's convictions unless there is no reasonable construction of the evidence under which the jury could have found the defendant guilty beyond a reasonable doubt. *Id.* All reasonable inferences and credibility choices must be made in favor of the jury's verdict. *United States v. Massey*, 89 F.3d 1433, 1438 (11th Cir. 1996).

To support a conviction for possession with the intent to distribute a controlled substance, the government must establish beyond a reasonable doubt that the defendant knowingly possessed the drugs with the intent to distribute them. *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1562 (2010). Each of these elements can be proved by

---

[1] Moorer preserved his challenge by moving for judgment of acquittal at the close of the government's case. Moorer did not present any defense witnesses or evidence.

direct or circumstantial evidence. *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005). We allow an inference of the intent to distribute based on the amount of the drug involved. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). Additionally, 'the existence of implements such as scales commonly used in connection with the distribution of cocaine' may serve as circumstantial proof of the intent to distribute cocaine. *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989). A defendant's prior convictions for drug offenses are also admissible for the limited purpose of determining whether the defendant formed the requisite intent to distribute. *United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990).

In this case, we conclude that the evidence was sufficient to support the verdict. The evidence at trial showed that Moorer possessed cocaine in an amount inconsistent with personal use. Specifically, authorities found cocaine, a firearm, a digital scale with cocaine residue, and multiple bundles of money during the searches of Moorer's residence and car. Furthermore, the jury was permitted to infer the intent to distribute based on the quantity of drugs involved and Moorer's prior convictions for controlled substance offenses. Accordingly, there was sufficient evidence to convict Moorer of the charge and we affirm his conviction.

II. Sentencing

Moorer argues that the district court erred in treating his conviction as a "controlled substance offense" for purposes of calculating the applicable advisory guideline range because the 14 grams of cocaine involved supported a finding of only simple possession, which does not constitute a controlled substance offense under the Armed Career Criminal provision or the career offender guideline.

"[A] sentence may be reviewed for procedural or substantive unreasonableness," and we review both under an abuse of discretion standard. *United States v. Ellisor*, 522 F.3d 1255, 1273, n.25 (11th Cir. 2008). In reviewing whether a sentence is reasonable, we must ensure, first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (citation and quotation omitted). But the district court need not discuss or explicitly state on the

6

record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Once we ensure that the sentence is procedurally sound, we must then determine whether the sentence is substantively reasonable in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51. The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from further criminal conduct by the defendant, and provide the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

To determine the applicable base offense level for a defendant who qualifies as an armed career criminal under 18 U.S.C. § 924(e), the court should consider whether the defendant possessed the firearm in connection with a controlled substance offense.[2] U.S.S.G. § 4B1.4(b)(3)(A). The term "controlled substance offense" for purposes of the Armed Career Criminal provision is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute . . . ." U.S.S.G. § 4B1.2(b).

---

[2] The district court alternatively found that Moorer qualified as a career offender under U.S.S.G. § 4B1.1. That guideline requires that the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The definition of "controlled substance offense" for purposes of the career offender guideline is the same as that for the Armed Career Criminal provision.

Contrary to Moorer's argument, this was not a case of simple possession. As noted above, the evidence was sufficient to establish that Moorer possessed the cocaine with the intent to distribute it. This crime falls squarely within the definition of a "controlled substance offense" under § 4B1.4. Thus, the district court properly considered the conviction a "controlled substance offense" and calculated the advisory guideline imprisonment range according to the Armed Career Criminal (or alternatively, the Career Offender) sentencing provision. There was no procedural error.

Additionally, Moorer's sentence is substantively reasonable. The 262-month sentence is at the low end of the resulting guideline range, and significantly lower than the 360-month statutory maximum permitted under 21 U.S.C. § 841(b)(1)(C) as enhanced for Moorer's prior felony drug offenses. *See Gonzalez*, 550 F.3d at 1324 (concluding that sentence was reasonable it part because it was well below statutory maximum). Furthermore, the district court demonstrated its consideration of the § 3553(a) factors, and particularly Moorer's criminal history, when imposing Moorer's sentence. Accordingly, we affirm the sentence imposed.

**AFFIRMED**.