[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14744
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00146-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO FERNANDEZ-LEYVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 28, 2012)

Before MARCUS, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Orlando Fernandez-Leyva was arrested while driving a refrigerated truck

containing 2,685 pounds of marijuana. A jury convicted him of possession of marijuana with intent to distribute, in violation of 18 U.S.C. § 841(a)(1).

Mr. Fernandez-Leyva now appeals his conviction. He argues that the government did not present sufficient evidence from which a jury could reasonably conclude that he knowingly possessed marijuana with the intent to distribute, and that the district court violated his Sixth Amendment Confrontation Clause rights by restricting cross-examination of one of the government's witnesses. Concluding that the government presented sufficient evidence of guilt, and finding no error in the district court's restriction of cross-examination, we affirm.

**I**

We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the government and resolving all reasonable inferences and credibility choices in favor of the jury's verdict. *See United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012). "We will not overturn a conviction on the grounds of insufficient evidence unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004) (internal quotation marks omitted).

To establish Mr. Fernandez-Leyva's guilt the government was required to prove three things beyond a reasonable doubt: (1) knowledge of the marijuana; (2)

possession of the marijuana; and (3) intent to distribute. *See United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009). Mr. Fernandez-Leyva challenges only the evidence with respect to the element of knowledge.[1]

The government, in its case in chief, presented evidence from three witnesses. Two of those witnesses, DEA Agent Thomas Halasz and Francisco Rodriguez (Mr. Fernandez-Leyva's cellmate), testified that Mr. Fernandez-Leyva admitted to them that he knew the marijuana was in the truck. Specifically, Agent Halasz testified that Mr. Fernandez-Leyva told him that a man named "Joe" had offered to pay him $5,000 to transport a pound or two of marijuana, and that he allowed this man to load the marijuana onto his truck. Mr. Rodriguez testified that Mr. Fernandez-Leyva said that he was going to be paid $80,000 to deliver the marijuana in his truck to a location in Georgia, and that he had smuggled drugs before. The third witness, Trooper Charlton Martin, testified about his stop and inspection of the truck being driven by Mr. Fernandez-Leyva. Trooper Martin explained discrepancies and inaccuracies in Mr. Fernandez-Leyva's logbook, which did not match up with the receipts Mr. Fernandez-Leyva provided or with the information Trooper Martin received during the stop. Trooper Martin also told the jury that when he began inspecting the back of the truck

---

[1] At trial Mr. Fernandez-Leyva stipulated that he possessed the marijuana and that the amount of marijuana was consistent with an intent to distribute.

he noticed that the load had been disturbed and that he could see cellophane-wrapped packages that were consistent with large packages of marijuana.

The evidence of these witnesses was sufficient for the jury to find that Mr. Fernandez-Leyva knew the marijuana was in the truck. In addition, as we have noted before, an inference of knowledge was permissible given the large quantity of marijuana, for drug dealers are not usually in the business of entrusting their narcotics to unwitting third parties. *See United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997) ("A reasonable jury could infer from the quantity of drugs seized that a 'prudent smuggler' is not likely to entrust such valuable cargo to an innocent person without that person's knowledge.").

In attempting to discredit the government's evidence, Mr. Fernandez-Leyva points to the language barrier between himself and Agent Halasz, as well as Agent Halasz's failure to memorialize any alleged confessions. He also contends that Mr. Rodriguez's testimony was not credible because Mr. Rodriguez is an admitted liar.

We do not find Mr. Fernandez-Leyva's challenges persuasive. First, "[i]t is emphatically not within the province of an appellate court to reweigh the evidence and the credibility of the witnesses at trial." *United States v. Hernandez*, 141 F.3d 1042, 1052 (11th Cir. 1998). Indeed, "[i]t is well-established that credibility determinations are the exclusive province of the jury." *United States v. Thompson*,

422 F.3d 1285, 1292 (11th Cir. 2005) (internal quotation marks and alteration omitted). Second, Agent Halasz asked Mr. Fernandez-Leyva the same questions in Spanish after a Spanish-speaking state trooper arrived, and, according to Agent Halasz, Mr. Fernandez-Leyva again said he was offered $5,000 to transport a pound or two of marijuana.[2] Third, although Mr. Rodriguez was a convicted felon and had lied on many occasions, it was up to the jury to decide whether to believe him. "The fact that a witness has consistently lied in the past, engaged in various criminal activities, and thought that his testimony would benefit him does not make his testimony incredible." *See id*. at 1291 (internal quotation marks and alterations omitted).

## II

We review a district court's ruling limiting the cross-examination of a witness for abuse of discretion. *See United States v. Maxwell*, 579 F.3d 1282, 1295 (11th Cir. 2009). This discretion, however, is limited by the Sixth Amendment's guarantee that a criminal defendant has the right to cross-examine the witnesses against him, *see id*., which we review *de novo*. *See Ignasiak*, 667 F.3d at 1227.

---

[2] Trooper Denise McCain, the Spanish-speaking state trooper, testified in the government's rebuttal case that she translated Agent Halasz's questions to Mr. Fernandez-Leyva, and that Mr. Fernandez-Leyva acknowledged that he thought there was only a pound or two of marijuana in the truck.

5

Mr. Fernandez-Leyva argues that the district court violated his Sixth Amendment Confrontation Clause rights by limiting the cross-examination of Mr. Rodriguez. He contends that the district court failed to abide by our holding in *United States v. Burston*, 159 F.3d 1328 (11th Cir. 1998), when it precluded further cross-examination into the details of some of Mr. Rodriguez's prior convictions. We disagree.

The Confrontation Clause guarantees a criminal defendant an opportunity to cross-examine adverse witnesses. *See United States v. Williams*, 526 F.3d 1312, 1319 (11th Cir. 2008). This guarantee, however, is not without limitation because it only provides a defendant with "'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id*. (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). "The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination." *United States v. Barrington*, 648 F.3d 1178, 1188 (11th Cir. 2011) (internal quotation marks omitted).

On direct examination, the prosecutor asked Mr. Rodriguez about one of his prior convictions for burglary. Mr. Rodriguez first said that he had not been involved in the theft, but later admitted that he had stolen the wedding rings in question and

had given a false name to the police. The prosecutor also asked Mr. Rodriguez if he had a history of lying, and Mr. Rodriguez answered "yes." Then, in response to another question, Mr. Rodriguez testified that it was *not* fair to say he had lied before, but then acknowledged that he had been convicted of lying to law enforcement. Mr. Rodriguez maintained, however, that he was telling the truth about what he heard Mr. Fernandez-Leyva say.

The district court gave Mr. Fernandez-Leyva an adequate opportunity to raise doubts about Mr. Rodriguez's credibility and motivation for lying during cross-examination. Mr. Fernandez-Leyva elicited testimony about the nature and number of Mr. Rodriguez's six prior felony convictions, his prior plea agreement, and his hope of obtaining a sentence reduction based on his testimony against Mr. Fernandez-Leyva. With respect to the prior convictions, Mr. Rodriguez testified on cross-examination that he had been convicted of burglary, assault, possession of marijuana with the intent to distribute, and providing false information to a law enforcement officer on three different occasions. Mr. Fernandez-Leyva was also able to have Mr. Rodriguez explain some of the details underlying his burglary and narcotics convictions (*e.g.*, that he went into a home where he was doing yard work and stole two wedding rings, and that he was held responsible for over 5,000 pounds of marijuana). And the cross-examination did not stop there, as Mr. Rodriguez also

7

admitted that he had lied approximately a dozen times, including a number of times in his own case, and that he lied when he was under pressure.

Mr. Fernandez-Leyva does not contend that there were additional prior convictions that he was unable to inquire about, but rather that the district court improperly restricted his cross-examination into the specific facts and circumstances underlying some of Mr. Rodriguez's prior convictions. In our view, Mr. Fernandez-Leyva was provided with an adequate opportunity for effective cross-examination, and a reasonable jury would not have received a different impression of Mr. Rodriguez's credibility or motivation for lying had the district court permitted further cross-examination into the factual details of some of the other prior felony convictions.[3]

"[O]nce there is sufficient cross-examination to satisfy the Confrontation Clause, further questioning is within the district court's discretion." *United States v. Diaz*, 26 F.3d 1533, 1539 (11th Cir. 1994). To the extent that Mr. Fernandez-Leyva argues that the district court abused its discretion in precluding additional cross-examination on the ground that it might mislead the jury and lead to undue delay,

_____

[3] Because Mr. Fernandez-Leyva was afforded the opportunity to cross-examine Mr. Rodriguez about his motivations for testifying, *United States v. Mayer*, 556 F.2d 245, 250 (5th Cir. 1977), does not require a different result. *See id.* (holding that the district court violated the defendant's Sixth Amendment rights when it did not allow sufficient inquiry into the motivations of the government's chief witness in testifying).

waste of time, and needless presentation of cumulative evidence, *see* FED. R. EVID. 403, we do not agree.

In *Burston*, we held that "Rule 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions." 159 F.3d at 1336. The district court permitted Mr. Fernandez-Leyva to elicit testimony concerning the nature and number of Mr. Rodriguez's six prior felony convictions, and only precluded further cross-examination into the details of some of these prior convictions. We find no abuse of discretion in the district court's application of Rule 403.

## III

Mr. Fernandez-Leyva's conviction is affirmed.

**AFFIRMED.**