[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12061

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00021-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL GARCIA-BERCOVICH,

Defendant-Appellant.

.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 10, 2009)

Before WILSON and ANDERSON, Circuit Judges, and GOLDBERG,* Judge.

---

* Honorable Richard W. Goldberg, Judge. United States Court of International Trade, sitting by designation.

GOLDBERG, Judge:

Angel Garcia-Bercovich ("Garcia-Bercovich") appeals his convictions for both conspiracy to distribute, and possession with the intent to distribute at least 100 kilograms, but less than 1000 kilograms, of marijuana. Specifically, Garcia-Bercovich argues that insufficient evidence existed to support the jury's conclusion that he was aware that the shipments contained marijuana, and in denying his motion to suppress the evidence of the Central Transport International ("CTI") search. Because we find sufficient evidence to support Garcia-Bercovich's conviction and no error in the denial of Garcia-Bercovich's motion to suppress, we affirm the decision of the district court.

## I. BACKGROUND

In June of 2007, CTI in Gainesville, Florida received a shipment containing thirteen boxes intended for "Angel at Natural Heat Systems." The boxes were shrink-wrapped together on a single pallet and covered by a single shipping manifest. After this shipment sat unclaimed for several days, a company employee opened the package to obtain more information as to its owner, and discovered what appeared to be marijuana. The employee called the local police. The responding officer manipulated and looked through the existing hole and

2

determined the substance was marijuana. The officer then had the package transported to a storage facility for destruction, but told CTI to call if anyone showed up for the delivery. The following day, Garcia-Bercovich showed up at CTI to pick up the shipment and was told that the shipment was scheduled to arrive later that day. The officers re-wrapped the shipment and returned it to CTI. When Garcia-Bercovich returned for the shipment, officers arrested him after a brief altercation and an attempt to flee. Upon questioning, Garcia-Bercovich admitted that he was paid $800 to pick up the shipment. In all, the shipment weighed 1100 pounds, 800 pounds of which was marijuana.

Subsequently, Garcia-Bercovich admitted his involvement in other transactions. Garcia-Bercovich admitted that he had picked up three prior loads and each time he had been given an $800 credit toward an all-terrain vehicle he was in the process of purchasing from his employer. The first trip involved a shipment of five boxes to Indianapolis, Indiana in which he left three boxes in a storage facility and delivered two boxes to unidentified individuals. In July of 2007, police obtained a search warrant for the Indianapolis storage unit and discovered two bricks of marijuana, which collectively weighed more than 100 pounds. In Garcia-Bercovich's second trip, he traveled from Phoenix, Arizona to

Savannah, Georgia to pick-up one and half pallets also containing large boxes. The shipping company later confirmed that "Angel Garcia" had in fact picked up an 800-pound shipment. Garcia-Bercovich's third trip saw him travel to Newark, New Jersey where he picked up five boxes. Garcia-Bercovich did not confess to having been involved in any other transactions, but a shipping manifest discovered during the investigation indicated that a shipment of 1,000 pounds had been picked up by an "Angel Garcia" at Louisville, Kentucky. Throughout, however, Garcia-Bercovich continued to maintain that he was unaware of the contents of the shipments.

Pre-trial, Garcia-Bercovich filed a motion to suppress the evidence seized beyond the initial search at CTI because, in his view, the officers unlawfully expanded the private search of the CTI employee. The district court denied this motion based on its determination that the entire shipment constituted a single package due to its having been covered by a single shipping manifest and shrink-wrapped together on a single pallet. After a jury trial, Garcia-Bercovich was convicted for conspiracy to distribute and possess with the intent to distribute at least 100 kilograms, but less than 1000 kilograms, of marijuana in violation of 21 U.S.C. § 646, and possession with intent to distribute at least 100 kilograms, but

less than 1000 kilograms, of marijuana in violation of 21 U.S.C. § 841. Garcia-Bercovich now argues that the evidence submitted to the jury was insufficient to establish his awareness of the containers' contents, and that the district court erred in denying his motion to suppress the evidence seized in the CTI search.

## II. DISCUSSION

### A. Sufficiency of the Evidence

Garcia-Bercovich's first argument is that the evidence submitted to the jury was insufficient to establish his knowledge or awareness that the containers which he picked up, or attempted to pick up, at various locations throughout the United States contained marijuana. The Court reviews de novo the sufficiency of the evidence submitted at trial "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). Further, this court "must affirm the conviction if [it] find[s] that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Nolan, 223 F.3d 1311, 1314 (11th Cir. 2000) (internal quotation marks and citations omitted). Here, to establish Garcia-Bercovich's guilt on the conspiracy count, the government had to prove: (1) that a conspiracy existed; (2) that Garcia-

Bercovich knew about the conspiracy; and (3) that Garcia-Bercovich knowingly joined the conspiracy. United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006). To establish his guilt on the possession count, the government must have proven three elements: (1) knowledge; (2) possession; and (3) intent to distribute. United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989). Garcia-Bercovich specifically challenges the knowledge requirement on both counts, but his argument fails.

Here, sufficient evidence existed for the jury to determine that Garcia-Bercovich knew he was involved in a drug conspiracy and had possession of marijuana. First, the evidence indicated that Garcia-Bercovich was involved in multiple trips across regions of the United States to pick up various packages under the direction of an individual Garcia-Bercovich barely knew. His travel arrangements were directed by his employer, and he often did not know of the specific plans until arriving at his destination. This evidence came from Garcia-Bercovich's statements to the police, and from the testimony of his co-conspirators at trial. Second, Garcia-Bercovich's prior convictions for importation of marijuana allowed the jury to conclude knowledge and intent. See United States v. Roberts, 619 F.3d 379, 383 (5th Cir. 1980). Specifically, Garcia-Bercovich had been

6

convicted of importing 31.48 kilograms of marijuana in 1993, and 26.16 kilograms of marijuana in 1999. Third, the district court gave the jury an instruction on deliberate ignorance. In this Circuit, "a deliberate ignorance instruction is appropriate when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." United States v. Perez-Tosta, 36 F.3d 1552, 1564 (11th Cir. 1994). Here, the facts of the case and the different deliveries support an inference that Garcia-Bercovich was aware of a very high probability of the existence of contraband, and of his purposefully attempting to avoid learning all relevant facts in order to have a defense to this prosecution. See United States v. Riveria, 944 F.2d 1563, 1571 (11th Cir. 1991). Last, Garcia-Bercovich attempted to flee, which the jury could also utilize as evidence of guilt. See United States v. Williams, 541 F.3d 1087, 1089 (11th Cir. 2008). Overall, the "jury gets to make any credibility choices, and [this Court] will assume that they made them all in the way that supports the verdict." United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006). When all of the relevant evidence and testimony is combined, sufficient evidence exists to support a jury's conclusion that Garcia-Bercovich had

knowledge that he was involved in a drug conspiracy and was in possession of marijuana.

## B. Motion to Suppress

Garcia-Bercovich's second argument on appeal is that the district court erred in denying his motion to suppress the results of the CTI search because the government improperly expanded this search. As a preliminary matter, Garcia-Bercovich had standing to challenge the results of this search as it was intended for "Angel at Natural Heat Systems." See United States v. Villarreal, 963 F.2d 770, 774 (5th Cir. 1992) (holding that an individual has a reasonable expectation of privacy in a package even if addressed to a fictitious name). In Garcia-Bercovich's view, however, the boxes constituted distinct packages or shipments which, in turn, required the officers to obtain a warrant before going beyond the single box opened by the CTI employee. "A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). This Court reviews a district court's factual findings for clear error. United States v. Martinez, 949 F.2d 1117, 1119 (11th Cir. 1992). The district court's application of law to these factual findings is reviewed

by this Court de novo.  United States v. Dunkley, 911 F.2d 522, 525 (11th Cir. 1990).

Here, the district court found that the boxes comprised a single package which, in turn, consisted of multiple boxes.  The district courts based this decision on the fact that all thirteen boxes were located on the same shrink-wrapped pallet, and were covered by the same shipping manifest.  In short, in the district court's view "it was all one package."  Thus, once one box was permissibly opened, the other boxes could also be searched as part of that same "package."  This is not a clearly erroneous factual determination based on the condition of the package when discovered by the Gainesville police.  As it was only a single package that was searched by the Gainesville officers, there was no legal error in denying Garcia-Bercovich's motion to suppress because a police search following an unsolicited private search does not constitute a search under the Fourth Amendment as long as the search is confined to the same scope as the initial private search.  United States v. Bomengo, 580 F.2d 173, 175 (5th Cir. 1978).  Accordingly, the district court did not err in denying Garcia-Bercovich's motion to suppress this evidence.

### III.  CONCLUSION

For the foregoing reasons, Garcia-Bercovich's conviction is **AFFIRMED**.