[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

No. 09-12777
Non-Argument Calendar
_____

D. C. Docket No. 08-00451-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER DAVILA-SOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2010)

Before EDMONDSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Elmer Davila-Soza appeals his cocaine trafficking convictions, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

On appeal, Davila-Soza argues that the district court erred in denying his motion for judgment of acquittal because the government presented insufficient evidence to show that he participated in a conspiracy to possess cocaine or that he knowingly aided and abetted in the possession of cocaine. We review de novo the denial of a motion for judgment of acquittal based on sufficiency grounds. United States v. Evans, 473 F.3d 1115, 1118 (11th Cir. 2006). And we view "the evidence in the light most favorable to the government and draw[] all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001).

To convict Davila-Soza of conspiracy to import cocaine, the government had to "prove beyond a reasonable doubt that there existed an agreement between two or more persons to import narcotics into the United States and that [Davila-Soza] knowingly and voluntarily participated in that agreement." United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006). The government need not show a formal agreement but, instead, may show by circumstantial evidence a meeting of

the minds to commit an unlawful act.  United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998).

To establish Davila-Soza's guilt on the possession count, the government must prove (1) knowledge, (2) possession, and (3) intent to distribute.  United States v. Garcia-Bercovich, 582 F.3d 1234, 1237 (11th Cir. 2009).  To prove guilt of the possession offense under an aiding and abetting theory, the government had to prove these things:  (1) that a substantive offense was committed by someone; (2) Davila-Soza committed an act which contributed to and furthered the offense; and (3) Davila-Soza intended to aid in its commission.  United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000).

Here, testimony revealed that the United States Coast Guard intercepted a ship suspected of carrying contraband (the Stella R) as it was leaving the Panama Canal.[1] On inspecting the Stella R, Coast Guard officers discovered cocaine residue on the front part of the boat.  Officers also opened a hatch underneath a pile of debris and found small, individually wrapped cocaine packages and, deeper in the hatch,  a duffel bag containing 26 one-kilogram packages of cocaine.

Testimony from three of Davila-Soza's co-defendants and fellow sailors on

[1]Coast Guard officers suspected that the Stella R was carrying contraband because it was riding lower on the bow, indicating excess weight in the front, and because a patch of paint on the back left side did not match the rest of the hull, indicating that some recent work had been done on the boat.

3

the Stella R revealed that (1) the purpose of the trip from Honduras to Panama was, in part, to pick up cocaine on the high seas and that all of the sailors on the Stella R, including Davila-Soza, knew about this purpose; (2) while in port in Panama, certain crew members loaded seven to nine bags of cocaine into bow storage, but Davila-Soza did not participate in, or know about, this transaction; (3) after the port transaction, Davila-Soza helped construct a hidden compartment to store the cocaine that was to be received on the high seas; and (4) during the high seas drug transaction, Davila-Soza held the rope of the go-fast boat to keep it close to the Stella R and, afterwards, helped clean the Stella R to remove cocaine residue.[2]

We conclude that this evidence shows sufficiently that Davila-Soza knew about and voluntarily participated in the conspiracy to import cocaine into the United States. Although Davila-Soza may not have participated in the drug transaction in port, evidence showed that he knew about the overall purpose of the trip and aided and abetted the cocaine transaction on the high seas by aiding in the construction of the secret compartment, helping guide the go-fast boat, and cleaning the Stella R after the transaction.

None of Davila-Soza's appellate arguments negate that the evidence

---

[2]Coast Guard officers were unable to discover the hidden compartment or recover the cocaine from it because, during the inspection, the Stella R rapidly began taking on water and, eventually, sank. The captain of the Stella R ordered the crew to sink it.

4

sufficiently showed that he participated in the conspiracy and aided and abetted in the possession offense. Davila-Soza's argument that his co-defendants were incredible because they initially lied to the government, were known drug traffickers, and received benefits for their testimony is unavailing. See United States v. Calderon, 127 F.3d 1314, 1324-25 (11th Cir. 1997) (that a witness has consistently lied in the past, engaged in criminal activities, and believed his testimony would benefit him does not, by itself, make his testimony incredible).

Davila-Soza argues that his codefendants' testimony was incredible on its face because it was inconsistent that he would not know about the smaller drug transaction in port, but would help to construct a hidden compartment for the larger, at-sea drug transaction. But all inferences and credibility determinations must be resolved in favor of the jury's verdict. See Fulford, 267 F.3d at 1244. And the testimony that Davila-Soza challenges as incredible was not unbelievable on its face. Calderon, 127 F.3d at 1325 (explaining that for testimony to be unbelievable on its face, it must be testimony about "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature") (citation and internal quotation omitted). Here, the crew members testified to their personal observations of Davila-Soza. And about the port transaction, the boat captain testified that he did not tell Davila-Soza about it

because he did not yet trust him enough.  It was not unreasonable for the jury to accept this explanation, given that the high seas transaction did not pose the same risks of disclosure or theft that the port transaction did.  See United States v. Mattos, 74 F.3d 1197, 1199-1200 (11th Cir. 1996) (explaining that the evidence need not exclude every reasonable hypothesis of innocence, and that jurors are free to choose among reasonable constructions of the evidence).

AFFIRMED.