[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10004
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00020-ODE-JFK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO MACEDO BALTAZAR,
JOSE ABRAHAM MEMBRENO-ORELLANA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(December 28, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Leonardo Baltazar and Jose Membreno-Orellana appeal their convictions

stemming from their attempt to sell methamphetamine and marijuana to an

undercover law enforcement agent from a truck containing the defendants, two co-conspirators, and the drugs.[1]  Specifically, Membreno-Orellana supplied the marijuana, while Baltazar supplied the methamphetamine.  Upon arresting them, law enforcement found that both defendants possessed loaded firearms.

On appeal, Baltazar and Membreno-Orellana both argue that there was insufficient evidence to convict them of possessing a firearm during and in relation to a drug-trafficking crime.  See 18 U.S.C. § 924(c)(1)(A)(i).  Additionally, Membreno-Orellana argues that there was insufficient evidence to support his convictions for (1) conspiracy to possess with intent to distribute methamphetamine, see 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii); and (2) possession with intent to distribute methamphetamine, see 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2.  Baltazar also argues that the district court abused its sentencing discretion by failing to avoid an unwarranted disparity between Baltazar's sentence and the shorter sentences of his co-conspirators.

## I.

Regarding their convictions for possession of a firearm during and in relation to a drug-trafficking crime, Baltazar and Membreno-Orellana argue that there was insufficient evidence to prove that they possessed the firearms "in

---

[1] From the truck, law enforcement seized 907.5 grams of methamphetamine and 4,489 grams of marijuana, with a total "street value" of approximately $134,000.

2

furtherance of" a drug-trafficking crime because the officers did not find the firearms on them until the agents arrested them.[2]  To prove a violation of 18 U.S.C. § 924(c), the government must show that the defendant "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug-trafficking crime for which he could be prosecuted in a court of the United States."  United States v. Woodard, 531 F.3d 1352, 1362 (11th Cir. 2008).  The presence of a gun during a drug-trafficking offense alone is not sufficient to establish the "in furtherance" element, id., but rather, the firearm must have "helped, furthered, promoted, or advanced the drug trafficking[,]" Woodard, 531 F.3d at 1362 (internal quotations omitted).  To determine the latter, we consider several factors including:

> The type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

Id. (internal quotations omitted).

Consistent with these factors, the jury here heard evidence that both Baltazar and Membreno-Orellana were involved in a major drug deal, involving large amounts of cash and drugs packaged for distribution.  They further heard that

---

[2] We review the denial of a defendant's motion for judgment of acquittal on sufficiency-of-the-evidence grounds de novo, viewing the evidence in the light most favorable to the government. United States v. Emmanuel, 565 F.3d 1324, 1333 (11th Cir. 2009).  We will uphold a conviction unless the jury could not have found the defendant guilty under any reasonable construction of the evidence.  Id.

3

Baltazar and Membreno-Orellana each illegally possessed a loaded semiautomatic firearm tucked into their waistband and positioned near the drugs in the truck. The court did not err in upholding their convictions under § 924(c) because a reasonable jury could infer that Baltazar and Membreno-Orellana used their weapons as protection for the drugs and thereby conclude that each possessed their firearm "in furtherance of" the anticipated drug deal.

## II.

Membreno-Orellana argues that there was insufficient evidence to support his convictions for possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine because he was unaware that his co-conspirators were dealing methamphetamine in the drug transaction.

For conspiracy to possess with intent to distribute drugs, the government must prove that (1) an agreement existed between two or more persons to commit a crime, and (2) the defendant knowingly and voluntarily participated in the conspiracy. United States v. Ohayon, 483 F.3d 1281, 1292 (11th Cir. 2007). A defendant may be found guilty of conspiracy if the evidence demonstrates that he knew the essential objective of the conspiracy, even if the defendant did not know all the details or played only a minor role in the overall scheme. United States v.

McNair, 605 F.3d 1152, 1195-96 (11th Cir. 2010). The government does not have to show that a defendant participated in every stage of the conspiracy. Id. at 1196.

The jury here heard evidence that: Membreno-Orellana had telephone contact with at least one other co-defendant multiple times in the days leading up to the deal; co-conspirator Carlos Ivan Ortiz-Aleman told the undercover agent that the drug transaction would involve multiple suppliers selling to the agent for a single price; Membreno-Orellana arrived to the deal with the co-defendants in a truck driven by Ortiz-Aleman; and Membreno-Orellana attempted to show the contents of a large bag of marijuana to the undercover agent. This evidence allowed the jury to reasonably conclude that Orellana conspired with his co-defendants towards the common goal of selling marijuana and methamphetamine.

Regarding his drug possession conviction, Membreno-Orellana specifically argues that the government failed to sufficiently prove that he knowingly possessed the methamphetamine. For drug possession with intent to distribute, the government must prove that the defendant had (1) knowledge, (2) possession, and (3) intent to distribute. United States v. Garcia-Bercovich, 582 F.3d 1234, 1237 (11th Cir. 2009). Possession may be constructive and "will be found where there is a knowing exercise of or the knowing power or right to exercise dominion and control over the substance." United States v. Mieres-Borges, 919 F.2d 652, 657 (11th Cir. 1990) (quotation omitted). A defendant's possession conviction will be

5

affirmed if he aided and abetted another person's possession. United States v. Bain, 736 F.2d 1480, 1487 (11th Cir. 1984).[3] The jury heard sufficient evidence to find that Orellana's participation went beyond merely being present in the truck with the methamphetamine to being an active participant in ensuring the success of a large, multi-drug transaction, which included the methamphetamine. See United States v. Rackley, 742 F.2d 1266, 1272 (11th Cir. 1984).   Thus, the court did not err in upholding Membreno-Orellana's conviction for methamphetamine possession with intent to distribute.

## III.

Baltazar challenges the reasonableness of his sentence by arguing that the district court abused its discretion in weighing the sentencing factor evaluating "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6).  Baltazar received a 200-month long sentence, which was within his guidelines range of 180-months to life, but longer than that of Ortiz-Aleman, the primary organizer of the drug deal, and those of the two other co-conspirators who both had greater criminal histories than Baltazar.  During sentencing, the judge

---

[3] For aiding and abetting, the government must prove that (1) the substantive offense took place; (2) the defendant associated himself with that crime; and (3) the defendant committed some act that furthered the crime.  United States v. Camargo-Vergara, 57 F.3d 993, 1001 (11th Cir. 1995).

6

noted that, unlike Ortiz, Baltazar carried a gun to the drug deal and went to trial. Moreover, the judge further noted that, unlike his two other co-conspirators, Baltazar offered to supply the agents specifically with methamphetamine, a particularly dangerous drug. We may vacate a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotations omitted). Baltazar has not met his burden of showing that the court abused its discretion by imposing an unreasonable sentence.

**AFFIRMED.**