[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11284
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00170-JDW-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL MEKOWULU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

Emmanuel Mekowulu was charged by indictment in one count for violating

21 U.S.C. § 846 by conspiring to distribute and dispense Oxycodone, not for a

legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. § 841(a)(1).  Mekowulu was convicted and sentenced. Now, he appeals.  Mekowulu contends: (1) that the district court erred in denying his motions for judgment of acquittal; (2) that the district court erred in giving a deliberate ignorance instruction; and (3) that the district court erred in calculating Mekowulu's advisory guideline sentence by applying the abuse of trust/special skill enhancement in §3B1.3, which he claims constituted "double counting."

We review de novo each of Mekowulu's first two contentions, and we review de novo the district court's legal conclusions regarding the Sentencing Guidelines and we review its factual findings relating to the Guidelines for clear error.  *See United States v. Dominguez*, 661 F.3d 1051, 1061 (11th Cir. 2011) (discussing the standard of review for sufficiency of the evidence challenges: de novo, drawing all reasonable inferences in favor of the government); *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993) (stating that review for a challenge to a jury instruction on deliberate ignorance is de novo); *see also United States v. Ghertler*, 605 F.3d 1256, 1264 (11th Cir. 2010) (discussing de novo review of district court's legal conclusions that a defendant's conduct justifies an abuse-of-trust enhancement while reviewing the district court's factual conclusions upon which the enhancement is based for clear error); *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005) (discussing de novo review of allegations of a

district court's impermissible double counting while applying the United States Sentencing Guidelines).

Applying de novo review, we conclude that Mekowulu's first two contentions lack merit.  The Government presented sufficient evidence to support the jury's conclusion that Mekowulu was guilty beyond a reasonable doubt.  The jury heard evidence of numerous "red flag" indicators of illegal drug diversion that Mekowulu's coconspirators presented to him.  The jury also heard evidence of Mekowulu's own suspicious conduct, including: accepting only cash payments for the prized-on-the-street "blue" Oxycodone pills (R. 101 at 142, 145); charging $1 to $3 per blue Oxycodone pill when he purchased each pill wholesale for 40 cents to 45 cents per pill (R.102 at 155); and dropping off large quantities of Oxycodone to his coconspirators in various parking lots at various times of day not typically associated with legitimate pharmaceutical transactions. (R.101 at 161–62).

Given all the evidence, a rational trier of fact could find that Mekowulu conspired with others to knowingly and intentionally fill Oxycodone prescriptions not for a legitimate medical purpose, outside the usual course of professional practice.  Mekowulu's arguments to the contrary are unavailing.  Essentially, Mekowulu asks us to reweigh the evidence, which we will not do. *See United States v. Hernandez*, 141 F.3d 1042, 1052 (11th Cir. 1998).

3

Mekowulu argues that where a drug buyer's purpose is merely to buy and the drug seller's purpose is merely to sell, and no prior or contemporaneous understanding exists between the two beyond the sales agreement, the government can show no conspiracy. *United States v. Mercer*, 165 F.3d 1331, 1335 (11th Cir. 1999). However, the jury can infer an agreement where the evidence shows a continuing relationship that results in the repeated transfer of drugs from one party to another. *See id.* And here, the jury could infer an agreement from Mekowulu's repeated transfers of Oxycodone to his coconspirators. Mekowulu did not convince the jury that he and his coconspirators were merely in a seller-buyer relationship rather than coconspirators engaged in an illegal scheme. The district court did not err in denying Mekowulu's Rule 29 motions for judgment of acquittal.

We also conclude that the district court properly instructed the jury on deliberate ignorance. A district court properly instructs a jury on deliberate ignorance when the facts support an inference that the defendant was aware of a high probability of the existence of a fact in question and purposely avoided learning all of the facts in order to have a defense in the event of a subsequent prosecution. *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009). Mekowulu's attempted distinction between active and passive avoidance is unavailing. (*See* Appellant's Initial Br. at 25–30).

4

Here, the district court instructed the jury that a finding of deliberate ignorance requires proof beyond a reasonable doubt.  And nothing in the record undermines the presumption that the jury followed the district court's instructions.  Thus, we find no reason to believe the jury convicted Mekowulu on a deliberate ignorance instruction based on insufficient evidence.

Finally, Mekowulu's contention that the district court impermissibly double counted his "abuse of public trust" during the sentencing phase of his trial is unavailing.  Double counting occurs when a district court applies one part of the Sentencing Guidelines to increase a defendant's punishment based on a type of harm that was already fully accounted for through the application of another part of the Guidelines.  *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006).  A district court may subject a defendant to a two-level enhancement of his base offense level if the defendant "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of [his] offense." U.S.S.G. § 3B1.3.  A position of trust is characterized by professional or managerial discretion, and a person occupying a position of trust ordinarily receives less supervision than an employee whose responsibilities are non-discretionary in nature.  U.S.S.G. § 3B1.3, comment (n.1).  Nonetheless, a district court may not apply an enhancement under § 3B1.3 if the abuse of trust or skill is included in the base offense level or is a specific

5

characteristic of an offense. U.S.S.G. § 3B1.3.  Mekowulu contends that because he could not have been convicted of this charge without an underlying abuse of public trust, the district court impermissibly enhanced his offense level based on an abuse of public trust.  (Appellant's Initial Br. at 34–35).  Mekowulu also contends that the district court applied the enhancement based on his status as a licensed pharmacist and "gatekeeper," without undertaking a review of his professional judgment, discretion, and deference in determining whether he occupied a position of public trust.  Mekowulu argues that, as a pharmacist, he was not permitted to exercise any professional judgment about his compliance with federal law, and therefore, the district court erred in applying the abuse of public trust enhancement. (*Id.* at 37–38).

We reject Mekowulu's contentions.  As the Government correctly points out, the sentencing enhancement under § 3B1.3 applies only to that subset of offenders who abuse a position of trust—typically someone in a professional capacity such as Mekowulu—while anyone can be convicted for conspiracy to violate 21 U.S.C. § 841(a)(1).  (Appellee's Br. at 26–27).  The district court discussed at length why the § 3B1.3 enhancement was appropriate based on Mekowulu's professional status and his exercise of professional discretion. (R.8 at 30–35).  While it is true that Mekowulu's status as a pharmacist, standing alone, was not enough to justify the enhancement, a licensed pharmacist does exercise

6

discretion when faced with indicators of drug diversion: The pharmacist can investigate the indicators, or he can fill the suspect prescription.  Here, Mekowulu exercised his discretion and chose to fill numerous illegal prescriptions—justifying application of the sentencing enhancement.  Accordingly, the district court did not err in applying the abuse-of-trust enhancement for Mekowulu's conduct.

For the foregoing reasons, we affirm Mekowulu's conviction and sentence.

**AFFIRMED.**