[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10442
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00222-JDW-MAP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY MUOIO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 12, 2014)

Before MARCUS, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ricky Muoio appeals his convictions and sentence imposed after a jury

convicted him of possession with intent to distribute and distribution of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  After careful review of the record and the parties' briefs, we affirm.

## I.

On April 11, 2013, a confidential informant who previously had purchased substantial amounts of methamphetamine from Mr. Muoio went to Mr. Muoio's then-current residence to complete another purchase.[1]  Mr. Muoio did not answer the door, but the informant heard sounds from within a bedroom at the front of the residence.  She knocked on the bedroom window.  Mr. Muio, from within that bedroom, asked who was there, and the informant identified herself.  Mr. Muoio then opened the front door for her and led her inside to the kitchen table.  A few minutes later, Mr. Muoio went back to the bedroom and returned with drugs to sell to the informant.  The informant purchased from Mr. Muoio approximately two ounces of a substance later determined to contain 44.9 grams of methamphetamine.  Later, on April 24, 2013, law enforcement officers searched the residence.  They seized an additional 36.4 grams of methamphetamine, as well as various papers bearing Mr. Muoio's name, from the bedroom Mr. Muoio occupied when the informant had knocked on the window.

---

[1] Because Mr. Muoio mounts a challenge to the sufficiency of the evidence against him, we recite the facts relevant to his conviction in the light most favorable to the jury's verdict.  *See United States v. Haile*, 685 F.3d 1211, 1219 (11th Cir. 2012).

A grand jury returned an indictment charging Mr. Muoio with one count of distribution of 50 grams or more of a substance containing methamphetamine and one count of possession with intent to distribute 5 grams or more of the same, all in violation of 21 U.S. C. § 841(a)(1) and (b)(1)(B).  Mr. Muoio pleaded not guilty. While awaiting trial, he made several inculpatory statements to two cellmates, one of whom owned the residence where Mr. Muoio was staying and where the drugs were found.[2]  The cellmates testified at trial to Mr. Muoio's admissions.

Also at trial, the government introduced testimony from a witness who previously had purchased multiple-ounce quantities of methamphetamine from Mr. Muoio, as well as evidence of Mr. Muoio's prior convictions for trafficking in methamphetamine.  The district court instructed the jury that evidence of Mr. Muoio's prior dealings could be considered "only for the limited purpose [of] determining whether the defendant acted with the required intent and knowledge." "In other words," the court stated, "you don't prove someone's guilt because he or she committed a crime in the past, but it's considered by you solely on the issue of intent and knowledge."  The court gave a similar limiting instruction after the testimony of the informant who purchased methamphetamine from Mr. Muoio.

The jury found Mr. Muoio guilty on both counts in the indictment.  The probation office's presentence investigation report recommended that the district

---

[2] The residence's owner was jailed for a separate drug offense.

court sentence Mr. Muoio as a career offender under section 4B1.1 of the sentencing guidelines. *See* U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if . . . the defendant has at least two prior felony convictions of . . . a controlled substance offense."). Mr. Muoio had two prior felony convictions for drug trafficking offenses committed in September 2004 and in May 2005. At sentencing, the district court applied the career offender enhancement over Mr. Muoio's objection (in which he argued the two convictions should be treated as only one because the two offenses were consolidated for sentencing), pointing out that prior convictions are treated separately where there is an intervening arrest. The court imposed a below-guidelines sentence of 240 months' imprisonment.[3]

This is Mr. Muoio's appeal.

## II.

Mr. Muoio first challenges the admission of his prior crimes and illicit dealings as impermissible under Rules 403 and 404(b) of the Federal Rules of Evidence. He contends the prior activities were both irrelevant to the offense conduct and unduly prejudicial. We review for an abuse of discretion the district court's decision to admit evidence of prior crimes or bad acts under Rule 404(b). *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). To be admissible under Rule 404(b), this evidence must withstand a three-part test: (1) the evidence

---

[3] Mr. Muoio's career offender status boosted his guidelines range to 360 months' to life imprisonment.

4

must be relevant to an issue other than the defendant's character; (2) the probative value of the evidence must not be substantially outweighed by its undue prejudice; and (3) the government must offer sufficient proof so that the jury could find that the defendant committed the act sought to be admitted. *See id.* Mr. Muoio contests the first two of these elements. We discuss them in turn.

Evidence is relevant if it is both probative and material. *See* Fed. R. Evid. 401. Because Mr. Muoio pleaded not guilty, whether he possessed the requisite intent to distribute methamphetamine was a material issue. *See United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). Evidence of prior drug dealings, we have explained, is highly probative of intent to possess and distribute a controlled substance. *See id.* This is especially so in a case, such as this one, where the prior bad acts concern the same offense conduct and the same drug as the offense charged. *See United States v. Calderon*, 127 F.3d 1314, 1331 (11th Cir. 1997). Thus, despite Mr. Muoio's assertions to the contrary, the evidence satisfied the first element.

Furthermore, we cannot say that the district court abused its discretion in concluding that the evidence satisfied the second element of admissibility under Rule 404(b). As we previously stated, the evidence was probative of a critical contested element of the government's case, the defendant's intent. *See United States v. Dorsey*, 819 F.2d 1055, 1060-61 (11th Cir. 1987) (explaining that, where

the issue of intent dominates the case, the government's need to use the evidence weighs in favor of admissibility).  To the extent the evidence was prejudicial in nature, the district court's detailed limiting instructions to the jury mitigated the prejudicial effects.  *See Calderon*, 127 F.3d at 1333.   Indeed, in the absence of evidence to the contrary, we must assume the jury followed the court's well-articulated instructions.  *United States v. Brazel*, 102 F.3d 1120, 1145 (11th Cir. 1997); *see also United States v. Sterling*, 738 F.3d 228, 237-38 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 2682 (2014).  For these reasons, we conclude the district court did not abuse its discretion in admitting evidence of Mr. Muoio's prior crimes and bad acts.

Next, Mr. Muoio challenges the sufficiency of the evidence against him.  We review the sufficiency of the evidence *de novo*, "viewing the evidence in the light most favorable to the government and resolving all reasonable inferences and credibility evaluations in favor of the jury's verdict."  *United States v. Haile*, 685 F.3d 1211, 1219 (11th Cir. 2012).  To sustain a conviction on the distribution count, the government was required to show (1) knowing or intentional (2) distribution (3) of a controlled substance.  21 U.S.C. § 841(a)(1).  The government supported each of these elements with testimony from the informant who purchased drugs from Mr. Muoio.  She testified that, after previously buying methamphetamine from Mr. Muoio, she went to his residence and he again

personally sold her the drug.  Mr. Muoio contends the informant's testimony was not credible, citing her history of drug activity and "motive to lie," but the jury apparently decided otherwise.  "We are bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendant."  *United States v. Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012) (internal quotation marks omitted).  The evidence was sufficient to sustain Mr. Muoio's conviction on the distribution count.

As regards Mr. Muoio's conviction for possession with intent to distribute, the government was required to establish three elements:  (1) knowledge, (2) possession, and (3) intent to distribute.  *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009); *see* 21 U.S.C. § 841(a)(1).  Mr. Muoio appears to contest all three elements.  We conclude, however, that the government presented sufficient evidence of all three elements to sustain a conviction.  A jury reasonably could have inferred, based on documents bearing Mr. Muoio's name that law enforcement agents found in the bedroom (which also contained the drugs) and based on the informant's testimony that Mr. Muoio was in the bedroom when she arrived and later returned to it to retrieve the methamphetamine that he sold her, that Mr. Muoio knowingly possessed the methamphetamine the officers

found in that room.[4]  And Mr. Muoio's dealings with the informant, as well as the evidence the government admitted under Rule 404(b), established his intent to distribute the drug.  This evidence, although circumstantial, was sufficient to sustain a conviction under section 841(a)(1).[5]

Finally, Mr. Muoio challenges his classification as a career offender under U.S.S.G. § 4B1.1.  We review the district court's factual findings for clear error and its application of the sentencing guidelines to those facts *de novo*.  *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).  Although Mr. Muoio cites U.S.S.G. § 4A1.2(a)(2) to contend that sentences ultimately imposed on the same day are counted as one offense, that provision expressly does not apply "if the sentences were imposed for offenses that were separated by an intervening arrest," as was indisputably the case here.  Accordingly, the district court properly treated the prior convictions (and resulting sentences) as separate for purposes of sentencing Mr. Muoio as a career offender.

## III.

For the foregoing reasons, we affirm Mr. Muoio's convictions and sentence.

**AFFIRMED.**

---

[4] Trial testimony from Mr. Muoio's cellmates, as well as from the undercover agents working with the informant, corroborated the informant's testimony.

[5] Mr. Muoio also challenges the district court's finding that he was responsible for at least 50 grams of methamphetamine, but he does so only on the basis of his sufficiency of the evidence argument.  Because we conclude the evidence was sufficient to sustain a conviction on both counts, his related argument necessarily fails.