[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12770
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20914-WPD-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD EUGENE YOUNG, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 18, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Richard Eugene Young, Jr. appeals his convictions for conspiracy to possess with the intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and for possession with the intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C). He also challenges the reasonableness of his 293-month sentence.  Young first argues that, during its closing argument, the government violated his right of confrontation, misstated the evidence, and improperly vouched for the credibility of the officers involved in the drug transaction.  Second, he contends that the trial evidence was insufficient to support his convictions.  Finally, he argues that his sentence is substantively unreasonable.  After careful review of the record and the parties' briefs, we affirm.

## I.

Young contends that the government violated his rights under the Confrontation Clause of the Sixth Amendment by providing testimony during its closing argument from his alleged co-conspirator, Vashawn Thurston, who was not called to testify.  Young specifically objects to the prosecutor's statement that "Maybe Vashawn recruited him, maybe Vashawn told him, Hey, I have someone coming over, can you get me cocaine?  He said, Yes, I can.  Let's go get it.  That is enough. His participation is enough."

When a defendant does not "lodge a timely Confrontation Clause objection," we review for plain error.  *See United States v. Arbolaez*, 450 F.3d 1283, 1291

2

(11th Cir. 2006) (per curiam).  To prevail on plain error review, a party must show (1) an error that is (2) plain and (3) affects substantial rights.  *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (quotation marks omitted).  Also, the error must "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings."  *Id.*, 113 S. Ct. at 1776.

The Sixth Amendment's Confrontation Clause states that a criminal defendant has the right "to be confronted with the witnesses against him."  U.S. Const. amend. VI.  Hence, the prosecution may not introduce testimonial hearsay, including prior testimony at a former trial, against a criminal defendant unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination.  *See Crawford v. Washington*, 541 U.S. 36, 53–54, 68, 124 S. Ct. 1354, 1365, 1374 (2004).

The prosecutor's recounting of a hypothetical discussion between Young and Thurston did not prejudicially affect Young's substantial rights or seriously affect the fairness of the judicial proceeding.  The prosecutor's statements regarding Thurston were not testimonial hearsay, as they included the word "maybe" several times and were clearly a hypothetical used to demonstrate a point.

## II.

Young also contends that the prosecutor's closing argument falsely claimed that there was evidence that he was introduced as the seller and improperly

vouched for the detectives' credibility. "Absent a contemporaneous objection, [we review] the propriety of the [g]overnment's closing argument and alleged prosecutorial misconduct in improperly vouching for a witness' credibility" for plain error. *United States v. Newton*, 44 F.3d 913, 920 (11th Cir. 1994).

"To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006) (internal quotation marks omitted). We have stated that "[a] defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id.*

The "purpose of closing argument is to assist the jury in analyzing the evidence," and although "a prosecutor may not exceed the evidence" presented at trial during her closing argument, "[s]he may state conclusions drawn from the evidence." *See United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997) (internal quotation marks omitted). Moreover, a prosecutor may assist the jury in analyzing, evaluating, and applying the evidence, and therefore, may "urge[] the jury to draw inferences and conclusions from the evidence produced at trial." *See United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984).

Vouching for a witness's credibility is improper when the prosecution "place[s] the prestige of the government behind the witness, by making explicit

4

personal assurances of the witness' veracity" or when it indicates "that information not presented to the jury supports the testimony." *See United States v. Sims*, 719 F.2d 375, 377 (11th Cir. 1983) (per curiam).

Young does not establish that the district court plainly erred in allowing the government's closing argument. The prosecutor's statement that Thurston "introduced Young as the seller" did not constitute prosecutorial misconduct, as it was a reasonable conclusion to be drawn from the trial evidence. *See Bailey*, 123 F.3d at 1400. Furthermore, the government did not impermissibly vouch for the credibility of Detectives Belfort and Gayle. The prosecutor reminded the jury that the officers had no interest in the outcome of the case and had years of experience in undercover experience. But these remarks mirrored the district court's instructions to the jury on evaluating a witness's credibility, and the remarks drew from evidence presented by the officers' regarding their careers. Therefore the prosecutor neither placed the prestige of the government behind the officers by making explicit personal assurances of their veracity nor indicated that information not presented to the jury supported the officer's testimonies. *See Sims*, 719 F.2d at 377.

## III.

Young argues that the trial evidence was insufficient to support his two convictions and that the district court should have granted his motion for judgment

of acquittal as to both counts.  Young contends that his mere presence was not enough to show participation in a conspiracy and, even if he did hand the cocaine to Detective Belfort as the government argued, it was an isolated buy-sell transaction that was not probative of a conspiracy.

When a defendant challenges the sufficiency of the evidence by an appropriate motion for judgment of acquittal, "[w]e review de novo whether there is sufficient evidence" to support a conviction.  *See United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).  We view the record in the light most favorable to the government, resolving all reasonable inferences in favor of the verdict.  *Id.* Accordingly, a defendant's conviction will be sustained as long as there is a reasonable basis in the record for it.  *See id.* at 1284–85.  Additionally, credibility questions are the province of the jury, and we will assume that the jury resolved all such questions in a manner supporting their verdict.  *See United States v. Garcia-Bercovich*, 582 F.3d 1234, 1238 (11th Cir. 2009).

To sustain a conviction for conspiracy to distribute a controlled substance under 21 U.S.C. § 846, "the government must prove that (1) an agreement existed between two or more people to distribute the drugs; (2) that the defendant at issue knew of the conspiratorial goal; and (3) that he knowingly joined or participated in the illegal venture."  *United States v. Brown*, 587 F.3d 1082, 1089 (11th Cir. 2009) (internal quotation marks omitted).  "[C]lose association with a co-conspirator or

6

mere presence at the illegal sale of drugs is, by itself, insufficient evidence to support a conviction for conspiracy to possess and distribute drugs." *See United States v. Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995). Nonetheless, the inference of participation from presence and association with conspirators is "a material and probative factor that the jury may consider in reaching its verdict." *Id.* (internal quotation marks omitted).

To sustain "a conviction under 21 U.S.C. § 841(a)(1), the government must show that the defendant had (1) knowing (2) possession of the drugs and (3) an intent to distribute them." *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013).

There is a reasonable basis in the record for both of Young's drug convictions. *See Farley*, 607 F.3d at 1333. A reasonable interpretation of the evidence was that Young knew about the goal of the conspiracy—to sell drugs— and knowingly participated in the venture by helping renegotiate the price, handing the cocaine to the buyer, and assuring its quality. *See Brown*, 587 F.3d at 1089. On the same basis, the jury could have reasonably interpreted the evidence to conclude that Young knowingly possessed the cocaine in the plastic bag, supported by his assurance of its quality, and intentionally distributed it to Detective Belfort by handing it to him directly. *See Capers*, 708 F.3d at 1297. Finally, to the extent that Young argues that Detective Belfort's testimony was not credible, we assume

7

that the jury resolved any credibility questions in a manner supporting the guilty verdict. *See Garcia-Bercovich*, 582 F.3d at 1238. Thus, sufficient evidence supports Young's convictions.

## IV.

Young argues that his 293-month sentence is substantively unreasonable given his tangential involvement in the sale of a mere 14 grams of cocaine for $550. He also contends that he has an unwarranted sentencing disparity with his co-conspirator, Thurston, who received a 27-month sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 138 S. Ct. 586, 597 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," deter criminal conduct, and "protect the public" from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing its sentence, the district court must also consider the nature and circumstances of the offense, "the history and characteristics of the defendant," and

8

"the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *See id.* § 3553(a)(1), (3)–(4), (6).

Finally, "[a]lthough we do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect" such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (internal quotation marks omitted). A sentence well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Young has not demonstrated that his sentence is substantively unreasonable. The district court considered the § 3553(a) factors, such as Young's extensive criminal history and the need to impose a sentence that acts as a deterrent, when imposing the sentence. *See* 18 U.S.C. § 3553(a)(1),(2). Also, Young and Thurston do not have similar records for the purposes of sentencing, and so the need to avoid sentencing disparities was not implicated in this case. *See id.* § 3553(a)(6). Lastly, Young's 293-month sentence was within the guideline range and below the statutory maximum penalty of 360 months' imprisonment for each count. *See* 21 U.S.C. § 841(b)(1)(C), 841(a); *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.

**AFFIRMED.**

9