[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15570
Non-Argument Calendar

_____

D.C. Docket No. 9:15-cr-80186-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ODELL DAVIS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

After submitting a conditional guilty plea, Richard Odell Davis III was convicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Davis argues the district court erred when it denied his motion to suppress a firearm seized after police officers saw him throw it onto the roof of his house as they followed him around the building to execute a *Terry*[1] stop.  After review,[2] we affirm.

## I. DISCUSSION

Davis contends the officers violated the Fourth Amendment in attempting to execute a *Terry* stop "in a residence."  In order to enter his home without a warrant, Davis submits, the officers needed both probable cause and exigent circumstances.  Davis's contention is without merit, however, because the officers did not in fact enter his residence; rather, they walked through an area outside of it that the district court found was not within the curtilage of the home.[3]  As a result, the officers needed only reasonable suspicion to stop him, which, in this case, was supported by the totality of the circumstances known to both officers.  *See United*

[1] *See Terry v. Ohio*, 392 U.S. 1 (1968).

[2] "A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1238 (11th Cir. 2009) (quotation omitted).  We review the district court's factual findings for clear error and the court's application of law to those findings *de novo*.  *Id.*  We construe the facts in the light most favorable to the party that prevailed below.  *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991) (en banc).

[3] In his opening brief, Davis failed to address the issue of whether this area was within the curtilage; he has thus forfeited the contention that it was not.  *United States v. Noreiga*, 676 F.3d 1252, 1260 n.2 (11th Cir. 2012).

*States v. Williams*, 876 F.2d 1521, 1524 (11th Cir. 1989) ("Reasonable suspicion is determined from the totality of the circumstances and from the collective knowledge of the officers involved in the stop." (citations omitted)).  The stop took place at night, in a high-crime neighborhood, outside a residence known for criminal activity.  Officer Mooney knew through his many interactions with Davis that he was a convicted felon with gang affiliations who had had prior involvement in selling drugs.  Further, Davis began to flee the officers as soon as he became aware of their presence and appeared to be concealing an object near his waistband.  These facts, taken together, justified a *Terry* stop.  *See Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000) (holding that the fact that an area is known for high crime is a relevant contextual consideration in ascertaining reasonable suspicion, as is "nervous, evasive behavior" or flight, and that together, they justified the *Terry* stop at issue).

Davis next contends Officer Mooney violated the Fourth Amendment when, without having first secured a warrant, he climbed up onto the roof of the residence to retrieve the firearm.  Davis does not dispute Officer Mooney had probable cause, but he argues there were no exigent circumstances to justify the intrusion.  However, his appeal is unavailing on this score as well.  Officers Mooney and Myers testified they were concerned about the dissipation of DNA evidence from the gun that could occur from precipitation on the exposed roof during the several

3

hours it could have taken to secure a warrant, or that a resident of the house could remove the firearm, alter the DNA evidence on it, or use it against the police. Based on the officers' testimony, and construing the facts in favor of the Government, the district court did not err in finding that an exigency existed. *See United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991) (en banc) (explaining that exigent circumstances may arise when "there is danger that the evidence will be destroyed or removed"); *United States v. Beckles*, 565 F.3d 832, 839 (11th Cir. 2009) ("We construe all facts in favor of the prevailing party (here the government).").

## II. CONCLUSION

For the reasons stated above, we affirm Davis's conviction.

**AFFIRMED.**