[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13561
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-80109-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC PAULK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Cedric Paulk appeals his convictions for two counts of possession with

intent to distribute crack cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).[1] Paulk raises two issues on appeal. First, he argues that the district court erred in denying his motion for judgment of acquittal based on insufficient evidence. He asserts that Officer Davis's testimony was circumstantial and insufficient to establish the element of distribution since he only saw what he believed to be a hand-to-hand transaction involving narcotics, but could not give specific details. Instead, Paulk asserts an alternate theory that he was purchasing, not selling, narcotics at the time Officer Davis witnessed the transaction. Second, Paulk argues that the district court erred in dismissing a juror with limited understanding of English, asserting that the court did not give a reason for the dismissal and failed to establish that the juror was unable to understand the proceedings. Upon review of the record and the parties' briefs, we affirm.

I.

We review *de novo* whether there is sufficient evidence to support a jury's verdict, "viewing the evidence and all reasonable inferences and credibility choices in the light most favorable to the government." *United States v. Anderson*, 289 F.3d 1321, 1325 (11th Cir. 2002). "[I]t is not necessary that the evidence exclude

---

[1] Paulk was also convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Because he does not challenge that conviction or his sentence on appeal, however, any claims in this respect are waived. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* at 1326 (citation and quotation omitted).

To convict a defendant of possession with intent to distribute crack cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), the government must prove beyond a reasonable doubt four elements: "(1) knowledge; (2) possession; . . . (3) intent to distribute;" and (4) that the offense occurred within 1000 feet of a school. *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008) (per curiam), *cert. denied* 129 S. Ct. 954 (2009) (citations omitted); 21 U.S.C. §§ 841(a)(1) & 860(a). In determining whether the government has established an intent to distribute, the jury may consider a number of factors, including a defendant's flight from police, the presence of plastic baggies, the amount of drugs found, the lack of equipment associated with drug consumption, and an officer's testimony regarding hand-to-hand exchanges of money and drugs. *See United States v. Garcia-Bercovich*, 582 F.3d 1234, 1238 (11th Cir. 2009), *cert. denied* ___ S. Ct. ___ (No. 09-8611, Feb. 22, 2010) (stating the jury may consider a defendant's flight from police as evidence of guilt); *Mercer*, 541 F.3d at 1076 (holding evidence of plastic jeweler bags together with drug ledger, amount of

drugs, and lack of paraphernalia to consume drugs was sufficient to support jury's finding of intent to distribute, and absence of money and digital scales was "not outcome determinative" in light of other evidence); *Anderson*, 289 F.3d at 1325–26 (holding evidence sufficient to establish intent to distribute when, among other things, officer witnessed hand-to-hand transactions in which money and drugs were involved).

In this case, the government presented Officer Davis's testimony that he saw Paulk, who was in a "high crime" area known for narcotics sales, transfer three to five yellow baggies to a man who was holding cash. Paulk attempted to disguise his identity by wearing a wig, and once he spotted Officer Davis, he pulled a bandana over his face. The evidence showed that in an effort to flee from the police, Paulk drove away from Officer Davis, attempted to pull a gun on Officer Suarez, and, after crashing his car, attempted to run away on foot. Once Paulk was apprehended, the officers found a sunglasses case in his pocket which contained a Crazy Glue container holding crack cocaine, various baggies containing powder cocaine, marijuana, and oxycodone, as well as several empty baggies. No evidence was presented demonstrating Paulk had any paraphernalia associated with drug consumption. Although Paulk was found with almost no money, that is not indicative of innocence, particularly since he drove away before the hand-to-hand

4

transaction was complete.  *See Mercer*, 541 F.3d at 1076.  Accordingly, we conclude there was sufficient evidence, when viewed in the light most favorable to the government, to prove beyond a reasonable doubt that Paulk had the requisite intent to distribute crack cocaine within 1000 feet of a school.

II.

"When facts arise before the start of deliberations that cast doubt on a juror's ability to perform [his] duties, the district court bears discretion to excuse the juror and replace [him] with an alternate."  *United States v. Smith*, 918 F.2d 1501, 1512 (11th Cir. 1990) (citations omitted).  "We review the exercise of this discretion to ensure that the District Court did not discharge the juror without factual support, or for a legally irrelevant reason so as to amount to a showing of bias or prejudice to the defendant."  *United States v. Puche*, 350 F.3d 1137, 1152 (11th Cir. 2003) (citation and quotation omitted).  A juror's inability to understand and speak English is a legally relevant reason for dismissal.  *See* 28 U.S.C. § 1865(b)(2), (3) (deeming persons "unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form" and those "unable to speak the English language" unqualified to serve on a jury).

The district court's conclusion that juror Pierre Cadet's English was

sufficiently limited to warrant dismissal is supported by the record. When it was brought to the district court's attention that Cadet may have limited understanding of English, the district court conducted an interview, allowing each party to question him. Although Cadet was able to understand and speak some English, he admitted his English was limited and that he had not mentioned it during *voir dire* in part because he had not fully understood the questions being asked. He expressed concern that he would not be able to understand what was being said during the trial, and that, in fact, he had not completely understood Officer Davis's testimony. In light of this information, the district court's decision to dismiss juror Cadet was reasonable and not an abuse of discretion. Paulk mentions that the dismissal of Cadet led to an 11-member jury, rather than a jury of 12. However, Paulk consented to an 11-member jury, and such an unforeseen event does not render the district court's decision to dismiss Cadet an abuse of discretion. By dismissing him, the district court was ensuring that every member of the jury would be able to understand the testimony and argument presented at trial and meaningfully participate in jury deliberations. Therefore, we affirm.

**AFFIRMED.**