[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-12996

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CEDRIC PAULK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:08-cr-80109-WPD-1

_____

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Cedric Paulk appeals the district court's order denying his motion for a reduced sentence under the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (Dec. 21, 2018). The government moves for summary affirmance, arguing that there is no substantial question as to the outcome of the case because the Supreme Court held in *Terry v. United States*, 141 S. Ct. 1858 (2021) that a sentence imposed under 21 U.S.C. section 841(b)(1)(C)—the statute under which Paulk was sentenced—is not a "covered offense" and is therefore ineligible for relief under the Act. We agree with the government that its position in this case is clearly right as a matter of law and grant its motion for summary affirmance.

In 2008, a grand jury returned an indictment charging Paulk with: (1) possession of a firearm after being previously convicted of a felony offense, in violation of 18 U.S.C. section 922(g)(1); (2) possession with intent to distribute a detectable amount of crack cocaine within 1,000 feet of an elementary school, in violation of 21 U.S.C. section 841(a)(1), triggering the penalty provisions of 21 U.S.C. sections 841(b)(1)(C) and 860(a); and (3) possession with intent to distribute a detectable amount of powder cocaine within 1,000 feet of an elementary school, in violation of 21 U.S.C. section 841(a)(1), also triggering the penalty provisions of sections

841(b)(1)(C) and 860(a).  Following a trial, the jury convicted Paulk as charged.

At sentencing, the district court determined that Paulk qualified as an armed career criminal under the Armed Career Criminal Act and would "get the enhancement." His sentencing guideline range was 262 to 327 months' imprisonment.  The district court sentenced Paulk to 262 months' imprisonment.  We affirmed his conviction and sentence on appeal.  *See United States v. Paulk*, 372 F. App'x 971 (11th Cir. 2010).

Paulk then filed several post-judgment motions challenging his sentence.  First, in 2011, he filed a pro se 28 U.S.C. section 2255 motion.  Paulk argued that his sentences in counts two and three violated the Sixth Amendment because the jury did not make findings as to the amount of drugs he possessed; thus, Paulk argued, his sentence exceeded the statutory maximum.  The district court denied the motion.

In May 2016, Paulk filed a letter with the district court asking it to review his sentence given the recent decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 578 U.S. 120 (2016).  The district court dismissed this request, explaining that it lacked jurisdiction to entertain "what would be a second or successive motion to vacate."  The district court said that this dismissal was "without prejudice to [Paulk] filing a request with the Eleventh Circuit Court of Appeals to file a successive motion to vacate."  In June 2016, Paulk filed a pro se application with us

seeking authorization to file a second or successive habeas corpus petition raising a *Johnson* claim. We denied his request.

Then, in 2019, Paulk filed a pro se motion requesting a sentence reduction under the First Step Act. The district court denied the motion on the grounds that the First Step Act did not affect Paulk's sentence because he "qualified as both an Armed Career Criminal and a Career Offender under the sentencing guidelines." Because Paulk's sentencing guidelines remained the same as a career offender, the district court reasoned, the "crack cocaine reduction in the First Step Act [did] not affect his sentence."

Finally, in 2020, Paulk filed a second motion seeking a sentence reduction under the First Step Act—the subject of this appeal. He argued that he was eligible for relief under the First Step Act because he was sentenced for possessing a detectable amount of crack cocaine pursuant to section 841(b)(1)(C). Section 841(b)(1)(C) offenses were covered offenses under the First Step Act, Paulk maintained, making him "eligible for full resentencing and relief." Paulk's motion did not cite to *Johnson*, let alone raise a *Johnson* claim, and did not challenge the enhancement of his sentence under the Armed Career Criminal Act.

The district court denied Paulk's second motion for relief under the First Step Act. The district court explained that "[n]either the change in the amounts of crack cocaine in the Fair Sentencing Act nor the retroactivity of the First Step Act" applied to Paulk. The district court reiterated its conclusion that the "crack cocaine reduction in the First Step Act did not affect [Paulk's]

sentence" because his "guideline range was the same" as an armed career criminal and a career offender.

Paulk timely appealed from the district court's 2020 order denying him relief under the First Step Act.  He maintained in his notice of appeal that he was eligible for relief because he was sentenced under 21 U.S.C. section 841(b)(1)(C), which was a "covered offense."  At Paulk's request, we appointed counsel.

Paulk, through counsel, filed an initial brief, stating that the issue on appeal is "whether Paulk is entitled to vacate his sentence under *Johnson*."  Paulk argues at length that: (1) he no longer qualified as an armed career criminal following *Johnson* and *Welch*; and (2) he was not a career offender for purposes of the sentencing guidelines.  Paulk argues that his *Johnson* claim was not time-barred because he raised a *Johnson* claim in his 2016 motion.  He alternatively argues that we should grant him authorization to file a second habeas petition under section 2255.

The government has moved for summary affirmance.  The government argues that summary affirmance is appropriate because: (1) the Supreme Court held in *Terry* that a 21 U.S.C. section 841(b)(1)(C) detectable amount offense is not a "covered offense" under the First Step Act; and (2) the First Step Act only allows for one motion for a sentence reduction, and Paulk's 2020 motion was successive.  As to Paulk's *Johnson* claim, the government argues that the proper procedure would be for Paulk to file a standalone request for leave to file a second or successive section 2255 motion,

rather than making this request in an unrelated appeal from an order denying a First Step Act motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We agree with the government that its position is clearly right as a matter of law; after *Terry*, there is no substantial question as to the outcome of this case.

The Fair Sentencing Act amended 21 U.S.C. sections 841(b)(1) and 960(b) to reduce the sentencing disparity between offenses for crack and powder cocaine. *See* Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a ten-year mandatory minimum sentence from fifty grams to 280 grams, and the quantity necessary to trigger a five-year mandatory minimum from five grams to twenty-eight grams. *Id.* § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (explaining that the Act "does not apply retroactively").

In 2018, Congress enacted the First Step Act, which gave the statutory penalties for covered offenses enacted under the Fair Sentencing Act retroactive effect. *See* First Step Act § 404. Now, a

court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). We have said that in granting relief under the First Step Act, a district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3 [of the Fair Sentencing Act], to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3, or to change the defendant's sentences on counts that are not 'covered offenses.'" *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020).

We conclude that the government is "clearly right" that Paulk's 2020 First Step Act motion failed on the merits given the decision in *Terry*.[1] In *Terry*—decided before Paulk filed his initial brief—the Supreme Court considered whether convictions under section 841(b)(1)(C) qualify for relief under section 2 of the First Step Act. 141 S. Ct. at 1860–62. This simple question had a simple answer: "They do not." *Id.* at 1860. The Supreme Court held that

---

[1] Because we conclude that the government's position is clearly right under *Terry*, we do not address its other argument that Paulk's 2020 motion for relief under the First Step Act was impermissibly successive.

the Fair Sentencing Act modified the statutory penalties only for 21 U.S.C. section 841(b)(1)(A) and (B); "that is, the offenses that triggered mandatory-minimum penalties." *Id.* at 1864. In other words, the Supreme Court concluded that a sentence imposed under section 841(b)(1)(C) was not a "covered offense" for purposes of the First Step Act. *Id.* at 1862, 1864.

Here, we readily conclude that Paulk's conviction in count two for possessing with intent to distribute a detectable amount of crack cocaine within 1,000 feet of an elementary school was not a "covered offense" under the First Step Act. This conviction carried a statutory maximum sentence of twenty years. 21 U.S.C. § 841(b)(1)(C). The government sought an enhanced penalty based on Paulk's felony convictions, which increased the statutory maximum to thirty years, *id.*, and the maximum sentence was enhanced yet again under section 860(a) because Paulk committed his offense within 1,000 feet of an elementary school, doubling the maximum and yielding a maximum sentence of sixty years, 21 U.S.C. §§ 841(b)(1)(C), 860(a). But even though Paulk's penalty was enhanced twice-over, his underlying statutory penalty was still provided by section 841(b)(1)(C). And, as we have explained, *Terry* held that a sentence imposed under section 841(b)(1)(C) is not a "covered offense" for purposes of the First Step Act because the Fair Sentencing Act only modified the penalties in section 841(b)(1)(A) and (B). 141 S. Ct. at 1864. Thus, it is clear as a matter of law that Paulk isn't eligible for a sentence reduction in

count two under the First Step Act.  The government is correct that summary affirmance is appropriate.

Although Paulk devotes most of his brief to raising a *Johnson* claim, that claim is not before us.  Paulk's 2020 First Step Act motion only argued that he was eligible for relief under that Act.  His motion did not cite to *Johnson* or otherwise challenge the enhancement of his sentence under the Armed Career Criminal Act.  Even if it had, the district court couldn't have granted relief on that claim; the First Step Act doesn't empower a district court to "reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3" of the Fair Sentencing Act, nor does it permit a district court to "change the defendant's sentences on counts that are not 'covered offenses.'"  *Denson*, 963 F.3d at 1089.  Although Paulk raised a *Johnson* claim in his 2016 motion, the notice of appeal in this case specified that he was only appealing the district court's 2020 order denying him relief under the First Step Act.  Thus, that is the only order before us for review.  And even if Paulk had sought to appeal in this case the 2016 order denying his *Johnson* claim, which he didn't, an appeal from that order would clearly be untimely.  *See* Fed. R. App. P. 4(a)(1)(B) (providing that, where the United States is a party, a party in a civil case must file a notice of appeal within sixty days after entry of the order appealed from).  If Paulk wishes to raise a *Johnson* claim in a second or successive petition under section 2255, the proper procedure is not to raise it in an appeal from an unrelated order.  Rather, the proper procedure is to file a

motion with us seeking "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without that authorization, "the district court lack[ed] jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citation omitted).

In sum, it is clear as a matter of law that, under *Terry,* Paulk was not sentenced for a "covered offense" as defined by the First Step Act. He is not entitled to relief under the Act and there is "no substantial question as to the outcome" of his appeal from the district court's order denying him relief under the Act. *See Groendyke Transp.*, 406 F.2d at 1162. We therefore **GRANT** the government's motion for summary affirmance and **AFFIRM** the district court's order denying Paulk's motion for a reduced sentence under the First Step Act. Our affirmance is without prejudice to Paulk applying for authorization to file a second or successive section 2255 motion. We express no opinion on the merits of such an application in the event Paulk chooses to file one.