[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11971

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NISHERA REMON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cr-00063-JA-PRL-2

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Nishera Johnson appeals from her convictions and total sentence of 200 months' imprisonment for conspiracy to distribute and possess with intent to distribute illicit drugs—as well as possessing a firearm and ammunition as a convicted felon. She argues that the district court erred in denying her motion for a judgment of acquittal as to both counts. In particular, she contends that the government did not present sufficient evidence for a reasonable jury to infer that she knew of and voluntarily joined a drug conspiracy with her husband, Corey Andrew Carnegie, and that she constructively possessed a firearm discovered in a dresser in their master bedroom. She also argues that the district court abused its discretion in admitting evidence of her prior cocaine-related convictions because such evidence was unduly prejudicial and lacked probative value. Finally, she contends that the district court erred in sentencing her as an armed career criminal because her state cocaine-related convictions did not qualify as serious drug offenses under the Armed Career Criminal Act ("ACCA") and the evidence did not show that her prior convictions occurred on different occasions. We will affirm.

The facts are known to the parties, and we repeat them here only as necessary to decide the case.

## I

We review a challenge to the sufficiency of the evidence and the denial of a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29 de novo. *United States v. Chafin*, 808 F.3d 1263, 1268 (11th Cir. 2015). We will uphold the district court's denial of a Rule 29 motion for a judgment of acquittal "if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016) (citation omitted). We view all facts and inferences in the light most favorable to the government. *United States v. Clay*, 832 F.3d 1259, 1293 (11th Cir. 2016). We will not overturn a jury's verdict if there is any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt. *Id.* at 1294.

"The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Mieres-Borges*, 919 F.2d 652, 656–57 (11th Cir. 1990) (quotation marks omitted). But where "the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008).

To convict a defendant under 21 U.S.C. § 846 for conspiracy to possess with intent to distribute a controlled substance, the government must prove beyond a reasonable doubt that "(1) there was an agreement between two or more people to violate § 841(a)(1);

(2) the defendant knew about the agreement; and (3) the defendant voluntarily joined the agreement." *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021).  All elements can be proven by either direct or circumstantial evidence.  *United States v. Poole*, 878 F.2d 1389, 1391–92 (11th Cir. 1989).  A defendant's mere presence at the scene of key events or association with a coconspirator is insufficient to prove membership or involvement in the drug conspiracy, but presence may be a material or probative factor that the jury considers in reaching its decision.  *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005).

Here, the district court did not err in denying Johnson's Rule 29 motion as to Count One because, viewing all the facts and inferences in favor of the government, the evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Johnson conspired with Carnegie to possess and distribute drugs.  *Holmes*, 814 F.3d at 1250; *Clay*, 832 F.3d at 1293.  While Johnson's mere presence at Carnegie's home or association with Carnegie was insufficient to show her involvement in a drug conspiracy with him, a reasonable jury could have found that she knew of and voluntarily joined Carnegie's drug-trafficking operation from the totality of the evidence that the government presented.  *Miranda*, 425 F.3d at 959–60.  Accordingly, we affirm the denial of Johnson's motion for a judgment of acquittal as to Count One.

## II

Under 18 U.S.C. § 922(g)(1), it is unlawful for anyone who has been convicted of a felony to knowingly possess a firearm that

has been shipped or transported in interstate commerce. The following elements must be satisfied: (1) knowing status as a convicted felon and (2) possession (3) of a firearm (4) in or affecting interstate commerce. *See Rehaif v. United States*, 588 U.S. 225, 230–231 (2019). Regarding a defendant's status, the government must prove that the defendant knew that he was a convicted felon. *See id.*

Next, possession of a firearm may be either actual or constructive. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). A defendant's presence in the vicinity of a firearm or mere association with another who possesses it is insufficient to show possession. *Id.* At the same time, the firearm need not be on or near the defendant's person to amount to knowing possession. *Id.* To show constructive possession, the government must prove, through either direct or circumstantial evidence, that the defendant (1) "was aware of or knew of the presence of the firearm" and (2) "had the intent and ability to later exercise dominion and control over the firearm." *Id.*

As to the first element, we recognize deliberate ignorance as an alternative to an actual-knowledge requirement that applies when a defendant is suspicious but does not make further inquiries so as to remain ignorant. *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006). Sufficient evidence supports a finding of deliberate ignorance if the defendant "was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all the facts in order to have a defense in the event of a

6                    Opinion of the Court                    23-11971

subsequent prosecution." *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237–38 (11th Cir. 2009) (citation omitted).

As to the second element, the defendant may exercise dominion and control over the firearm either personally or through another. *Perez*, 661 F.3d at 576–77. Constructive possession may be established by evidence that the defendant had control over contraband or over the premises in which contraband was concealed. *United States v. Davis*, 679 F.2d 845, 852–53 (11th Cir. 1982). Additionally, "a defendant's knowing participation in a joint criminal venture in which a particular firearm is intended to play a central part permits the jury to reasonably conclude that the defendant constructively possessed that gun," even if the defendant never intended to use the firearm herself, because she shares in her coparticipants' intent and jointly possesses the firearm as part of a shared armed criminal enterprise. *Perez*, 661 F.3d at 576–77. Thus, we have determined that sufficient evidence supported a jury finding that a defendant jointly and constructively possessed firearms as a felon when he participated in an armed robbery conspiracy centered around the use of firearms. *Id.* at 578–79.

Johnson first contends that a reasonable jury could not have inferred, based on the government's evidence, that she knew of any of the firearms in the house, a required element of constructive possession, but this argument fails. Specifically, she asserts that the government unreasonably assumed she must have known firearms were present merely because she lived in Carnegie's home where they were recovered. But the government's evidence showed not

only that Johnson stayed in the home but that she specifically interacted with the dresser where the gun was found. A reasonable jury could have inferred that Johnson likely knew of the gun because testimony revealed that Johnson's driver's license, bank cards in her name, and women's perfume were found on top of the dresser. *See Clay*, 832 F.3d at 1293.

Second, Johnson contends that a reasonable jury could not have inferred, based on the government's evidence, that she exercised dominion and control over any of the firearms, but this argument also fails. A reasonable jury could have found that Johnson had dominion and control over the gun by virtue of her control over the master bedroom, where she lived according to her address on various papers and where she stored her personal effects. *See Davis*, 679 F.2d at 852–53. Accordingly, we affirm the denial of Johnson's motion for a judgment of acquittal as to Count Three.

## III

We review a district court's decision to admit evidence under Rule 404(b) for an abuse of discretion. *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009). A district court can abuse its discretion when it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005). If we find that the district court abused its discretion by admitting Rule 404(b) evidence, the erroneously admitted evidence is harmless if the government introduces sufficient

evidence, uninfected by error, to support the verdict. *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011).

To be admissible under Rule 404(b), that evidence must be "(1) relevant to one of the enumerated issues other than the defendant's character, (2) supported by sufficient evidence to allow a jury to determine that the defendant committed the act, and (3) not unduly prejudicial under the standard set forth in Rule 403." *United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016). Evidence of a crime, wrong, or other act is not admissible as proof of the defendant's character in order to show that she acted in accordance with her character on a particular occasion. Fed. R. Evid. 404(b)(1). That said, such evidence may be admissible to prove, among other things, intent, knowledge, and absence of mistake. Fed. R. Evid. 404(b)(2). In every conspiracy case, a defendant's not-guilty plea puts her intent at issue, unless she takes affirmative steps to remove her state of mind from issue. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). And "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy." *Barron-Soto*, 820 F.3d at 417 (quotation marks omitted and citation omitted).

The district court may exclude relevant evidence if its probative value is substantially outweighed by, among other things, a danger of undue prejudice. Fed. R. Evid. 403. In determining whether Rule 404(b) evidence was unduly prejudicial, we consider whether the defendant's intent was at issue, the overall similarity of the charged and extrinsic offenses, and the temporal proximity

between the charged and extrinsic offenses. *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007). "A prior crime need not be factually identical in order for it to be probative." *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). A district court can mitigate any unfair prejudice possibly caused by the admission of Rule 404(b) evidence by issuing a limiting instruction on the use of that evidence. *Edouard*, 485 F.3d at 1346.

We have declined to adopt a bright-line rule regarding temporal proximity between the extrinsic act and the charged offense. *Matthews*, 431 F.3d at 1311. Although the amount of time between the prior crime and the charged offense may affect the probative value of the prior crime, district courts are afforded broad discretion to determine whether an offense is too remote to be probative. *Id.* at 1311–12. We have held that an intervening period of 15 years did not render extrinsic evidence of small-scale marijuana convictions inadmissible despite the convictions' "differing nature and remoteness in time" from the defendant's charged participation in a large-scale cocaine deal. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995); *see also Sterling*, 738 F.3d at 239 (affirming admission of a 15-year-old prior crime).

Here, the district court did not abuse its discretion in admitting evidence of Johnson's prior convictions under Rule 404(b). The court admitted the evidence not to show that Johnson acted in accordance with a propensity toward criminality but for the specific, admissible reasons of showing she acted with intent and not out of mistake. Fed. R. Evid. 404(b)(1), (2); *Barron-Soto*, 820 F.3d at

417. And the probative value of the prior convictions was not substantially outweighed by a danger of undue prejudice because Johnson's intent was at issue, her prior convictions were similar in nature to the charged conspiracy, and the court issued limiting instructions to mitigate any prejudicial effect. *Barron-Soto*, 820 F.3d at 417; *Edouard*, 485 F.3d at 1345–1346.

Accordingly, we affirm the admission of evidence of Johnson's prior convictions.

## IV

We review de novo whether a prior state conviction qualifies as a serious drug offense under the ACCA. *United States v. Jackson (Jackson II)*, 55 F.4th 846, 849–50 (11th Cir. 2022).

If a party does not raise an argument before the district court, we review only for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). To preserve an objection, the objection must be clear enough to inform the district court of its legal basis. *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). To establish plain error, a defendant must show: (1) an error, (2) that was plain or obvious, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the proceedings. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). For an error to be plain, it must be plain under controlling precedent or the language of a statute or rule. *Id.*

The ACCA requires that any person who violates 18 U.S.C. § 922(g) serve a mandatory minimum sentence of 15 years if she

has three prior convictions for violent felonies or serious drug offenses, or both, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense," in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," with controlled substances defined by the Controlled Substances Act, 21 U.S.C. § 802. *Id*. § 924(e)(2)(A)(ii). Section 102 of the Controlled Substances Act defines a "controlled substance" as any substance on the federal controlled substances schedules. 21 U.S.C. §§ 802(6), 812. Federal law governs the meaning of terms in the ACCA, and state law governs the elements of state-law crimes. *Jackson II*, 55 F.4th at 850.

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under the ACCA. *Id*. Under the categorical approach, we consider the statutory definition of the state offense rather than the facts of the crime itself. *Id*. A state conviction qualifies only if the state statute under which the conviction occurred defines the offense in the same way as, or more narrowly than, the ACCA's definition of a serious drug offense. *Id*.

Under Florida law, a person who sells or possesses with intent to sell, manufactures, or delivers a controlled substance named in § 893.03(2)(a) commits a felony in the second degree. Fla. Stat. § 893.13(1)(a)(1). Section 893.03 outlines Florida's controlled substances schedules and includes cocaine. *Id*. § 893.03(2)(a)(4). Any person who sells, purchases, manufactures, delivers, or brings into

the state 28 grams or more of cocaine commits the first-degree felony of trafficking in cocaine.  Fla. Stat. § 893.135(1)(b)(1).  Florida's controlled substances schedules included ioflupane until 2017. *Jackson II*, 55 F.4th at 851 & n.3.  The federal controlled substance schedules also included ioflupane until 2015.  *Id*. at 851.

In *Jackson I*, we vacated and remanded a defendant's ACCA-enhanced sentence, holding that the appellant's Florida cocaine-related offenses did not qualify as serious drug offenses under the ACCA.  *United States v. Jackson* (*Jackson I*), 36 F.4th 1294, 1306 (11th Cir. 2022).  It determined that the federal controlled substances schedules that defined a serious drug offense under the ACCA were those in effect when the defendant committed his federal offense and that those schedules did not cover ioflupane at the time he committed his federal offense.  *Id*. at 1299–1302.  We found that since the relevant Florida statute covered ioflupane when he was convicted of his prior cocaine-related offenses, the Florida statute's controlled-substance element was broader than the relevant version of the federal controlled substances schedules, and his prior cocaine-related convictions thus did not qualify as serious drug offenses.  *Id*. at 1303–04.  We vacated the opinion in *Jackson I* on September 8, 2022.

In *Jackson II*, we held that the appellant's Florida cocaine-related convictions qualified as serious drug offenses.  55 F.4th at 861–62.  We held that the ACCA's definition of a serious drug offense incorporates the version of the federal controlled substances schedules in effect when the defendant was convicted of the prior state

drug offense. *Id.* at 861. It determined that the appellant's 1998 and 2004 Florida cocaine-related convictions qualified as serious drug offenses because Florida's controlled substances schedules included ioflupane until 2017 and the federal controlled substance schedules also included ioflupane until 2015. *Id.* at 851 & nn.3–4, 861.

In *Wooden*, the Supreme Court clarified the language of the ACCA requiring predicate convictions to be committed on different occasions, noting that several factors may be relevant to that determination but stating that a single factor, especially of time or place, can differentiate separate occasions from a single, uninterrupted course of conduct. *Wooden v. United States*, 594 U.S. 360, 366–371 (2022). In *United States v. McCloud*, we stated that courts may make specific findings of fact, including whether criminal offenses occurred on separate occasions, based on undisputed statements in the PSI. 818 F.3d 591, 595 (11th Cir. 2016).

An appellant abandons a claim when he "does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims," where he makes it only in a passing reference, or addresses it in a perfunctory manner without reasoning or citations to authorities in support. *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). An appellant may also abandon an issue by merely stating that an issue exists, without further argumentation or discussion, which precludes consideration of the issue on appeal. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).

Here, Johnson's argument that she is not an armed career criminal because her Florida cocaine-related convictions do not qualify as serious drug offenses is foreclosed by *Jackson II*. *See* 55 F.4th at 861–62. Additionally, Johnson contends for the first time on appeal that her prior offenses were not committed on different occasions, but she did not support this claim with any reasoning, law, or discussion and did not dispute the facts related to the timing of her prior offenses at any point. Accordingly, we affirm Johnson's sentence.

**AFFIRMED.**